UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DANIEL FRANKEL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:05CV122 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Daniel Frankel's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, [#1], filed on July 29, 2005. The government has filed a written response and has moved to dismiss the motion. As grounds for his § 2255 motion, Movant alleges:

1. "Counsel performed ineffectively when he failed to argue an allowable and recommended departure."

2. "Counsel failed to address new sentencing issues in presentence filings or at the sentencing hearing."

The Court concludes that both of Movant's claims are conclusively refuted by the record, and therefore, the Court will deny the motion without a hearing.

### Facts and Background

On February 20, 2003, a Grand Jury in the Southeastern Division of the Eastern District of Missouri, returned a Superseding Indictment against Movant, Daniel

Frankel, and Krystina "Krys" Randals. The Superseding Indictment charged Movant Frankel in Counts I and V. Count I charged that between October 2001 and December 2002, Movant and Randals conspired together with others to distribute pseudoephedrine knowing that the chemical would be used to manufacture methamphetamine. Count V charged that on or about October 29, 2002, Movant attempted to distribute pseudoephedrine knowing that the chemical would be used to manufacture methamphetamine.

On December 3, 2003, Counts I and V of the Superseding Indictment were dismissed as to Movant. A Superseding Information was then filed charging Movant with conspiring with Randles and others to distribute pseudoephedrine knowing that the chemical would be used to manufacture methamphetamine between October, 2001 and April, 2003 in Count I. Count II charged Movant with conspiracy to launder money between August 20, 2002 through April, 2003. The Superseding Information also included a forfeiture allegation in the amount of $850,000.00, which was related to the conduct in Counts I and II.

On May 10, 2005, Movant appeared with his attorney, Douglas McNabb, and entered a plea of guilty to the two counts in the Superseding Information. Movant also admitted the forfeiture allegation concerning the $850,000.00 in U.S. currency. Movant had entered into a written Plea Agreement and Stipulation of Facts with the

Government at the time of his plea. This Agreement was filed with the Court.

Under the Plea Agreement, Movant agreed to plead guilty to the charges in the Superseding Information and agreed to admit to the forfeiture allegation. The parties agreed that the base offense level Under U.S.S.G. § 2D1.11(d) was a 38 for "3 kilograms or more of pseudoephedrine" (the stipulation of facts demonstrated that Movant was responsible for more than 240 kilograms of pseudoephedrine). The parties further agreed that Movant should receive a three level decrease for acceptance of responsibility. Both parties agreed that neither would request a sentence outside the applicable Sentencing Guideline range as set by this Court. The parties did not agree as to Movant's criminal history, which was left to the determination of the Court.

In entering his plea of guilty, Movant expressly waived his right to trial. He agreed that his attorney explained these rights to him and the consequences of his waiver of those rights. Movant agreed that the recommendations in the Plea Agreement were not binding on the Court and that the refusal of the Court to follow the recommendations would not serve as a reason to permit Movant to withdraw his guilty plea.

Movant further waived his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of

sentencing. Movant specifically agreed:

> . . . to waive all rights to contest the conviction or sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing, in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. §§ 2241, 2255, and Rule 60(b) Fed. R. Civ. P. or by means of any other petition for relief of any description.

At the plea hearing, the Court addressed Movant concerning the specifics of his Plea Agreement, as well as the voluntariness of his plea. The Court conducted a thorough colloquy regarding Movant's relationship with counsel, and Movant stated that he had enough time to discuss his case with his lawyer. Movant stated that he was fully satisfied with the representation received from his attorney, that he had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with his attorney and that his attorney had completely and satisfactorily explored all areas which Movant had requested relative to the Government's case and any defenses.

Movant also stated that he understood the possible ranges of punishment in his case and that the Plea Agreement was not binding on the Court. Movant told the Court that he was guilty of the two counts as charged in the Superseding Information.

A Presentence Investigation Report was prepared following the plea. The Probation Officer recommended that Movant's base offense level be set at level 38.

After a three-level reduction for acceptance of responsibility, Movant's total offense level was determined to be 35. Movant's criminal history was determined to be at Category I after finding that his total number of criminal history points was zero. The Presentence Investigation Report noted that a §5K2.0 reduction may be warranted since:

> a two-level reduction in the offense level for the "Safety Valve" as found in Section 2D1.1(b)(6) is not included as a Specific Offense Characteristic in Section 2D1.11 for offenses involving a methamphetamine precursor chemical. This is a factor that was not adequately taken into consideration by the guidelines and results in a sentencing disparity.

The Presentence Investigation Report indicated that the "presentation of information in this section does not necessarily constitute a recommendation by the probation office for a departure." In fact, the report did not recommend such a departure, and the Movant did not request that the Court consider the departure. The Presentence Investigation Report concluded that the applicable sentencing range was 168 to 210 months. Neither party objected to any conclusion of the Presentence Report.[1]

At the sentencing hearing on July 21, 2004, both parties announced they had no objections to the Presentence Report. Movant's counsel, Douglas McNabb, stated for the record:

---

[1] Movant requested a minor clarification regarding the relationship with his brother.

> [The] officer from probation made reference to a two-point reduction for safety valve under the terms of the plea agreement. Under the terms of the plea agreement, we are not prepared or allowed to argue in favor of that additional two-level reduction. The Court has authority *sua sponte* to take that into consideration and rule on it appropriately. If the Court were to do that, then Mr. Frankel would be in a 33, 135 to 168; otherwise the earlier range that I mentioned.

The Government responded by stating that the two-level reduction did not apply, and in any event, there was no objection filed by the Movant regarding the offense level and the sentencing range of 168 to 210 months.

The Court adopted the PSR findings and conclusions and found that the appropriate offense level was 35, criminal history category I, establishing a guideline sentencing range of 168 to 210 months. After considering the downward departure motion filed by the Government (based on Movant's cooperative efforts), the Court sentenced Movant to 126 months imprisonment to be followed by three years supervised release, a $20,000.00 fine, and a $200 special assessment. The Court then informed Movant of his appellate rights. Movant, neither *pro se* or through counsel, filed any appeal of his sentence.[2]

On July 29, 2005, Movant filed a motion pursuant to Title 18, United States Code, Section 2255, asking that his conviction and sentence be vacated, set aside, and

---

[2]One week after sentencing, Mr. McNabb sent the Government a waiver form regarding *Blakely v. Washington,* 542 U.S. 296 (2004), which was to have been signed at the time of sentencing but was inadvertently forgotten until afterwards.

corrected. As his first ground for relief, Movant alleges that his counsel was ineffective for failing to object to the absence of a two-level reduction for the safety valve. Movant claims that the plea stipulation allowed for departures recommended by the probation officer, that his attorney didn't think he was allowed to argue for such a departure, and that as a result he received a sentence in excess of what was required by the Plea Agreement. As his second ground for relief, Movant claims his counsel was ineffective for failing to make any arguments pursuant to *Blakely* at the time of sentencing. Both of Movant's claims are claims of ineffective assistance of counsel and are governed by the same legal standard.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statue or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has recently been defined by the Eighth Circuit Court of Appeals:

> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.

> Second, the defendant must show prejudice. *Id.* To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id.*; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of just showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## Discussion

**I. Failure to Argue Recommended Departure**

Movant first claims he was denied effective assistance of counsel because his counsel "failed to argue an allowable and recommended departure." Movant specifically states:

> The Pre-Sentence Report (at ¶76) specifically recommended a two-point departure under USSG §2D1.1(b)(6), in order to avoid a sentencing

disparity. The plea agreement plainly allowed departures that were recommended by the Probation Officer (Plea at 9, ¶G). Counsel was not adequately prepared, nor did he think he was allowed to argue the departure (Sent. Trans at 3, 11, 13-15). Because of counsel's failure, defendant was prejudiced and was sentenced beyond what the PSR and Plea called for.

While Section 2D1.1(b)(6) allows for a two-level departure if a defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of §5C1.2, this Court finds that Movant was not eligible for such a departure. The Eighth Circuit has consistently held that defendants who are convicted of an offense for which §2D1.11 of the U.S.S.G. applies are not eligible for a two level reduction, even if they meet the criteria set forth in §5C1.2. See *United States v. Anton,* 380 F.3d 333, 334 (8th Cir. 2004). Movant was convicted of charges under 21 U.S.C. § 841(c), as well as 18 U.S.C. §1956(h) and §§1956(a)(2)(A) and was sentenced pursuant to §2D1.11 of the U.S.S.G. (base level of 38 for possession of three or more kilograms of pseudoephedrine). Therefore, as a matter of law, Movant was not eligible for a §5C1.2 departure.

With this in mind, the performance of Movant's counsel, Mr. McNabb, was within the range of professional competence required of an attorney in a criminal case. First, Mr. McNabb could not argue for a reduction pursuant to U.S.S.G. §5C1.2 because such an argument would have been in violation of the terms of the plea agreement. Second, Mr. McNabb informed the Court that it could consider a reduction

based on the sentencing disparity noted by the probation officer in the PSR. As stated above, however, Movant was not eligible for a reduction under §5C1.2, since defendants who are convicted of an offense for which §2D1.11 applies are not eligible for a two level reduction, even if they meet the criteria set forth in §5C1.2. Therefore, Movant has failed to establish that counsel's performance fell "below an objective standard of reasonableness," or was otherwise deficient under the *Strickland* standard.

## II.  Failure to Argue *Blakely v. Washington*

Movant next claims his counsel was ineffective for failing to raise *Blakely v. Washington* during the sentencing hearing, which prejudiced Movant's defense. Movant specifically stated:

> At the time of the petitioner's sentencing, sentencing law had undergone a significant change, in the form of Blakely v. Washinton, 124 SCt 2531 (2004) [sic]. Counsel never addressed the matter even when there were potentially challengeable issues at hand that could have benefitted the petitioner. Because petitioner's counsel failed to adequately address the issue, the petitioner suffered a loss of liberty that far exceed the exposure he could have had, post-Blakely. Additionally, the petitioner was made to sign a "Blakely Waiver" one week after sentencing, functionally invalidating the waiver.

In *Blakely,* the U.S. Supreme Court invalidated a sentence enhancement that increased the defendant's sentence beyond the range authorized by the State of Washington's statutory sentencing guidelines. The Court held that the facts supporting the enhancement were neither admitted by the defendant nor found by a jury, thus the

sentence violated the Sixth Amendment to trial by jury. See *Blakely v. Washington,* 542 U.S. 296 (2004).

In this case, Movant admitted that he was responsible for three kilograms or more of pseudoephedrine pursuant to §2D1.11 of the U.S.S.G. Movant was sentenced to a term of imprisonment of 126 months knowing that, by pleading guilty, the maximum term of imprisonment that could be imposed was not more than 20 years. Movant admitted to all the facts necessary to determine his sentence. He did not raise any objections to the Presentence Investigation Report, and this Court accepted the facts contained therein as true. Movant has waived his right to contest the quantity of pseudoephedrine since he admitted to a quantity in excess of the three kilograms when he admitted being responsible for more than 240 kilograms in the Stipulation of Facts. Moreover, Movant received a reduction pursuant §5K1.1 of the Guidelines for his substantial assistance to the Government. Thus, the sentence imposed by this Court was based upon facts admitted to by Movant, and *Blakely* is inapplicable. Movant's claim that his counsel was ineffective for failing to argue *Blakely* is without merit, since nothing in the record establishes that counsel's performance fell "below an objective standard of reasonableness." The fact that Movant's counsel sent the Government a waiver form regarding *Blakely* one week after sentencing does not invalidate the waiver, and Movant has provided no authority to support this argument.

**Conclusion**

For the reasons set forth above, this Court finds that nothing in the record supports Movant's claim that he is entitled to relief under Section 2255.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability because Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 16th day of May, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE